■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE BETHUEL HEWITT, Appellant.— The defendant in this case was convicted of the crime of carnally abusing a child in violation of section 483-a of the Penal Law after a jury trial in the Warren County Court.  He was thereafter sentenced to a term of imprisonment with a minimum of three years and a maximum of six years at Clinton Prison at Dannemora.  The victim of the alleged abuse was a girl aged nine years at the time of the alleged offense.  The crime is alleged to have been committed in a place known as Coles Woods which is a part of a public park adjoining the city of Glens Falls.  The infant complainant was accompanied by another young girl who was also nine years of age.  There is no evidence in the record connecting the defendant with the commission of the crime alleged except the evidence of these two girls.  The defendant denied that he committed any of the acts charged, and swore that he never saw either of the two girls until he met them at the office of a Justice of the Peace after he was arrested.  Every defendant is of course entitled to a strictly fair and impartial trial.  In a case such as this, where the offense charged is so revolting to the normal mind it is incumbent upon us to scrutinize the record carefully to determine whether the defendant had the scrupulously fair trial to which he was entitled.  Errors which in some cases might be overlooked would be prejudicial in cases of this character.  While we think the Trial Judge was actuated by the fairest of motives we think nevertheless that two matters contained in his charge to the jury must be said to have been prejudicial.  First he told

the jury why he examined one of the girls before he permitted her to be sworn as a witness. In that connection he said: "Where a witness in a case is under 12 years of age they may still be offered as a witness to give evidence if the Court determines that they understand the nature of what they are saying. In other words, that they would be truthful, because if there was any question about that, it would be prejudicial to the defendant." It was wholly unnecessary to inject this explanation into the charge to the jury, and moreover it did not correctly state the purpose of such a preliminary examination. A child under twelve years may, in a criminal case, be examined before being sworn only to determine whether he or she understands the nature of an oath (Richardson on Evidence [8th ed.], § 409). The court does not determine whether such a child will be truthful, but the jury could well gain that impression from that part of the charge we have quoted. Hence we think the language was prejudicial. In another part of his charge he said: "I think that we can very fairly say that somebody did the things that the Trimbey girl said had been done because the evidence and the appearance and everything about the children tend to show their absolute honesty in this matter." By this language the Trial Judge apparently certified to the credibility of both the complainant and her companion. That this was unintentional on the part of the court we have no doubt for later in his charge he left the matter of credibility of both witnesses to the jury. It is impossible to measure the precise effect of such a statement on the minds of the jurors but on its face it would appear to be prejudicial. Some latitude must be allowed a trial judge in commenting on testimony, and in some jurisdictions he may comment quite freely, but we know of no well-considered criminal case in this State where comment on the credibility of crucial witnesses has been permitted to go so far. Under the circumstances the judgment of conviction should be reversed in the interests of justice, and a new trial directed. Judgment of conviction reversed, on the law and facts, and a new trial directed. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.