■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE SINATRA, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.),

rendered September 12, 1986, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the first degree.

Defendant was convicted of sexually abusing his niece by fondling her genitalia on four occasions and sentenced to two concurrent prison terms of 1 to 3 years. The case against defendant depends almost exclusively on the testimony of the victim, who was 11 years old at the time of the trial. Defendant attacks the conviction on four grounds: (1) County Court abused its discretion in swearing the victim as a witness, (2) the form of the first count of the indictment renders it invalid, (3) the prosecution's summation was prejudicial, and (4) the verdict was against the weight of the evidence.

At trial, defense counsel interposed no objections based on the first three counts. As a result, County Court was not afforded an opportunity to correct whatever errors may have occurred. The failure to timely object waives review of these issues on appeal as a matter of law (CPL 470.05 [2]; *see, People v Williams,* 46 NY2d 1070, 1071 [challenge to prosecutorial summation not preserved]; *People v Soto,* 44 NY2d 683, 684 [challenge to adequacy of indictment not preserved]; *People v Johnson,* 185 NY 219, 228 [challenge to swearing of infant witness not preserved]). Nevertheless, because defendant's conviction hinges on the sworn testimony of the infant victim *(see,* CPL 60.20 [3]), we deem it judicious to confront defendant's objection to the swearing of the victim as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The precise age below which a child is considered incompetent to testify is not at all clear; indeed, a five year old was found competent to testify in a murder trial *(Wheeler v United States,* 159 US 523). It is the responsibility of the trial court to satisfy itself that a child less than 12 years old understands the nature of an oath before allowing the child to give sworn testimony (CPL 60.20 [2]), and that determination is subject to reversal only when it amounts to a palpable abuse of discretion *(People v Parks,* 41 NY2d 36, 46).

Although County Court neglected to apprise the victim of the penalty for perjury and afforded her little opportunity to demonstrate that she understood what "oath" meant, after the court had explained it to her, it did conduct a searching inquiry into the victim's ability to differentiate between truth and falsity, her belief that lying is a sin punishable by God, and her understanding of the courtroom proceedings *(see, People v Townsend,* 134 AD2d 720 [decided herewith]). In the course of the inquiry, the victim manifested an awareness of a

moral duty to testify truthfully and the possibility of punishment for lying *(see, People v Parks, supra,* at 45). Furthermore, a reading of her rather extensive testimony given during the trial bolsters County Court's conclusion that she possessed sufficient intelligence and an appreciation of the nature of an oath to be a sworn witness. Considering the voir dire as a whole, it cannot be said that County Court abused its discretion in swearing the victim.

With the victim's testimony, whose credibility was resolved by the jury in favor of the People, there is ample probative evidence of defendant's guilt.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.