■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARDIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 4, 1985, convicting him of sodomy in the first degree (two counts) and attempted rape in the first degree (four counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court's preliminary examination of the eight-year-old victim adequately demonstrated that she understood the nature of testifying under oath and was competent to be sworn as a witness (CPL 60.20 [2]; *see, People v Nisoff,* 36 NY2d 560; *People v Boyd,* 122 AD2d 273, 275). When asked what it "means to tell a lie", she explained that lying occurs when "you did something and say you didn't do it". In addition, she was able to distinguish right from wrong and understood that she would be "punished" for giving false testimony under oath *(cf., People v Smith,* 104 AD2d 160). She also agreed to tell the truth after swearing on a Bible. Since the witness indicated that she had religious training, attended

church every Sunday, and had "learned what it means to tell a lie", she was cognizant of a moral duty to tell the truth and accepted the concept of divine retribution as a consequence of lying. Under the circumstances, we find unpersuasive the defendant's contention that the court was required to determine whether the witness was aware that criminal sanctions could be imposed for testifying falsely *(cf., People v Ranum,* 122 AD2d 959).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.