■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. TYLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), dated April 23, 1987, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On the instant appeal the defendant argues, *inter alia,* that the County Court erred in failing to suppress statements made by him, in the absence of counsel, to the Suffolk County police on June 2, 1986, shortly after his arrest. Specifically, the defendant argues that his statements were obtained in violation of his right to counsel since the interrogating detective was aware that the defendant had drugs and weapons charges pending against him in New York City and failed to make a sufficient inquiry which would have disclosed that counsel had been assigned or retained thereon.

We disagree with the defendant's argument.

In addressing this crucial issue, the Court of Appeals held in *People v Bertolo* (65 NY2d 111) as follows:

"Where the police know that a suspect is represented by counsel on pending charges, or where the police know that charges are pending but fail to make inquiry which would disclose that counsel has been assigned or retained, any custodial questioning of the suspect by them in counsel's absence is barred. * * *

"Upon examination of this court's opinions in the foregoing cases, as well as in others decided shortly before or subsequently, it can be seen that certain factors are critical in determining whether legal representation on prior pending charges bars defendant's custodial statements elicited in the absence of counsel. The most salient of these are: the extent of the police knowledge; the proximity, severity and notoriety of the prior charges; and the good or bad faith of the police. * * *

"Moreover, where the prior charges are relatively recent,

police officers aware of the earlier arrest will almost certainly know that the charges are still outstanding. *(See, People v Lucarano, supra,* at p 146.) Where the earlier charges are remote in time, however, no such presumption is warranted. *(People v Fuschino, supra,* at pp 98-99 [prior arrest was 14 months earlier]; *compare with, People v Bartolomeo, supra* [9 days].) Concomitantly, it is reasonable to presume that the police would have cause to know of the continuing pendency of a serious felony charge, even after a considerable time past the arrest. Such is not the case with a relatively minor prior offense which is less likely to have earned notoriety within a police department and is more likely to have been disposed of at an early date." *(People v Bertolo, supra,* at 116-119.)

The evidence adduced at the suppression hearing indicates that the interrogating detective was informed by the complainant's mother, during an interview on May 28, 1986, that the defendant, whom she claimed had raped her daughter, had previously been arrested in New York City on drugs and weapons charges. Upon inquiry, he was advised by both a New York City police sergeant, and by the arresting New York City police officer, that (1) the defendant had, in fact, been arrested in New York City, on April 22, 1986, (2) the New York City charges involved the possession of an air pistol and a small amount of drugs, and (3) the defendant had been placed on probation, i.e., those charges were no longer pending. He was also advised by the arresting New York City police officer that in New York City "if it isn't a serious charge * * * arrangements for probation would be made immediately". Viewing the instant record within the guidelines set forth in *People v Bertolo* (65 NY2d 111, *supra),* we hold that the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements.

The defendant also argues that the court committed reversible error by allowing the eight-year-old complainant to give sworn testimony. This argument must also be rejected.

During the court's voir dire of the eight-year-old complainant, the following responses were elicited:

"THE COURT: All right. Now do you know what it is to tell a lie?

"ANONYMOUS: Yeah.

"THE COURT: What is it?

"ANONYMOUS: Lie means you get in trouble * * *.

"THE COURT: Nobody is supposed to lie. Me, I'm not supposed

to lie either. Do you know what it means when you tell a lie, what can happen to you?

"ANONYMOUS: Yes.

"THE COURT: What can happen to you?

"ANONYMOUS: Get in trouble.

"THE COURT: What sort of trouble?

"ANONYMOUS: Get punished, get hit * * *.

"THE COURT: You going to tell the truth?

"ANONYMOUS: Yeah.

"THE COURT: And I'm going to ask you when you come back into this courtroom to raise your right hand like that (demonstrating) and you swear to tell the truth?

"ANONYMOUS: Yeah.

"THE COURT: And you know what that means? * * *

"ANONYMOUS: Means that you swear to tell the truth.

"THE COURT: Meaning you can't lie?

"ANONYMOUS: I know.

"THE COURT: You wouldn't lie, right?

"ANONYMOUS: Right.

"THE COURT: Because if you lie you know what happens?

"ANONYMOUS: You get in trouble.

"THE COURT: And God upstairs in heaven, he doesn't want you to lie.

"ANONYMOUS: I know".

On this record, it is clear that the eight-year-old complainant demonstrated that she understood "the nature of an oath" (CPL 60.20 [2]). Under the circumstances, the court's determination of this issue should not be disturbed *(People v Nisoff,* 36 NY2d 560, 566-567; *People v Obair,* 138 AD2d 750, 751; *People v Boyd,* 122 AD2d 273, 275).

We have considered the defendant's remaining contentions and find them to be without merit *(People v Contes,* 60 NY2d 620, 621; CPL 470.15 [5]; *People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.