■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CANGIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 11, 1986, convicting him of sodomy in the first degree (five counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the indictment indicating that the incidents took place "on or about and between July 1, 1984 and August 31, 1984" was sufficiently specific to allow the defendant to answer the charges and prepare an adequate defense *(see, People v Keindl,* 68 NY2d 410). In the instant case, due to the ages of the victims and the nature of the acts, it is understandable that the dates could not be specified with exactitude *(see, People v Jones,* 133 AD2d 972).

The Supreme Court did not improvidently exercise its discretion in allowing the 10-year-old complainant to testify under oath. The record establishes that he understood "the nature of an oath" (CPL 60.20 [2]). Under the circumstances, the court's determination on this issue should not be disturbed *(see, People v Nisoff,* 36 NY2d 560; *People v Tyler,* 154 AD2d 490; *People v Hardie,* 144 AD2d 484).

Since the defendant failed to demonstrate that the victim's mother would have provided material and noncumulative testimony, a missing witness charge was not warranted *(see, People v Gonzalez,* 68 NY2d 424; *People v Sykes,* 151 AD2d 523).

Given the gravity of the instant crimes, the sentence imposed was not excessive.

We have reviewed the defendant's remaining contention and find it to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur. *[See,* 131 Misc 2d 930.]