THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS McDANIEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered February 4, 1987, convicting him of rape in the first degree (four counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in permitting the complainant, who was six years of age at the time of the rape and eight at the time of the trial, to give sworn testimony. We disagree. The court's extensive examination of the complainant demonstrated that she understood the nature of testifying under oath and was competent to be sworn as a witness (see, CPL 60.20 [2]; People v Nisoff, 36 NY2d 560; People v Hardie, 144 AD2d 484). The complainant understood the meaning of telling a lie, that it was wrong to lie, and that she would be "punished" for lying. She also indicated that she understood that it was incumbent upon her to tell the truth on the stand and that she would not lie in court. Moreover,

she indicated that she goes to church, believes in God, and believes that God would punish her if she lied. Thus, the complainant was cognizant of a moral duty to tell the truth and she accepted the concept of divine retribution as a consequence of lying. Under the circumstances, it was not required that the complainant be able to define the meaning of an oath, nor was the court required to determine whether the witness was aware that criminal sanctions could be imposed for giving false testimony *(see, People v Hardie, supra; People v Sinatra,* 134 AD2d 738). Thus, the court did not improvidently exercise its discretion in determining that the complainant could give sworn testimony (CPL 60.20 [2]; *People v Nisoff, supra; People v Hardie, supra; People v Lang,* 122 AD2d 226).

The defendant's objections to the admission of various hearsay testimony regarding the complainant's comments to others about the rape, are either unpreserved for appellate review, or, the error, if any, was harmless *(see,* CPL 470.05 [2]; *People v Crimmins,* 36 NY2d 230; *People v Gomez,* 112 AD2d 445, 446).

We have considered the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.