■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CHESNARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 9, 1990, convicting him of sexual abuse in the first degree (three counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

We find that the court did not improvidently exercise its discretion in allowing the two seven-year-old complainants and the 11-year-old complainant to testify under oath. The court's preliminary examination of each child adequately demonstrated that each of the three children understood the nature of testifying under oath and that each child was competent to be sworn as a witness (see, CPL 60.20 [2]). Under the circumstances, the court's determinations on this issue should not be disturbed (see, People v Nisoff, 36 NY2d 560; People v Cangiano, 156 AD2d 575; People v Tyler, 154 AD2d 490; People v Hardie, 144 AD2d 484).

The sentence imposed was not excessive or unduly harsh. Sentences imposed after trial may be more than those suggested as part of a proposed plea agreement (see, People v Oliver, 63 NY2d 973; People v Norfleet, 146 AD2d 812). Also,

the mere speculation that due to his advanced age or his prior health problems, the defendant might suffer harm if incarcerated, does not suffice to warrant a modification of the sentence imposed (see, People v Kelsky, 144 AD2d 386).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.