■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ARNOLD, Appellant.—Appeal by the defendant from a

judgment of the County Court, Westchester County (Carey, J.), rendered June 18, 1990, convicting him of burglary in the third degree, petit larceny and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The People's primary witness, despite his psychiatric problems, was competent to testify at the trial. The court's preliminary examination of the witness demonstrated that he understood the nature of testifying under oath and that he was competent to be sworn as a witness (see, CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560; *People v McDaniel,* 165 AD2d 817; *People v Hardie,* 144 AD2d 484). The witness's testimony indicates that he understood the meaning of telling a lie, that it was wrong to lie, and that he would be punished for lying. He also indicated that he was a religious person and that his religious beliefs told him that it was wrong to lie. Moreover, he agreed to tell the truth if he were sworn to do so and he was aware that criminal sanctions could be imposed for testifying falsely. Under the circumstances of this case, the court did not improvidently exercise its discretion in determining that the witness could give sworn testimony (see, CPL 60.20 [2]; *People v Nisoff, supra; People v McDaniel, supra; People v Hardie, supra).*

Nor did the court err in denying the defendant unrestricted access to the witness's psychiatric records. Psychiatric records are confidential, but they may be disclosed upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality (see, Mental Hygiene Law § 33.13 [c]). The proper procedure in such a case is for the court, after a showing of a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony, to order production of the records and to inspect them in camera (see, *People v Gissendanner,* 48 NY2d 543, 550; *People v Knowell,* 127 AD2d 794).

Here, the court, after inspecting the records in camera, properly balanced the interests of justice against the witness's need for confidentiality. The record reveals that the witness had a lengthy history of psychiatric problems dating back to 1983. He had been confined in mental hospitals on several occasions and he had been diagnosed as paranoid and schizophrenic. He was cross-examined extensively regarding his

psychiatric history. Thus, the defense was afforded an opportunity to show that the witness's capacity was impaired by his mental condition *(see, People v Walker,* 116 AD2d 948, 951). The defendant's contention that he should have been afforded unrestricted access to the witness's psychiatric records is without merit *(see,* Mental Hygiene Law § 33.13 [c] [3]; *People v Gissendanner, supra,* at 549).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or do not warrant reversal. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.