■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered October 11, 1989, convicting him of rape in the first degree (two counts), sodomy in the first degree (eight counts), attempted rape in the first degree (two counts), attempted sodomy in the first degree (two counts), sexual abuse in the first degree (ten counts), and endangering the welfare of a child, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 10 to 20 years imprisonment on each of the convictions of rape in the first degree, concurrent terms of 10 to 20 years imprisonment on seven of the eight convictions of sodomy in the first degree, concurrent terms of 7 to 14 years imprisonment on each of the convictions of attempted rape in the first degree, concurrent terms of 7 to 14 years imprisonment on each of the convictions of attempted sodomy in the first degree, concurrent terms of 2 to 4 years imprisonment on each of the convictions of sexual abuse in the first degree, and a determinate term of one year imprisonment on the conviction of endangering the welfare of a child, all to run concurrent to each other and to run consecutively to a term of

10 to 20 years imprisonment on his conviction of the seventh count sodomy in the first degree.

Ordered that the judgment is modified, on the law, by providing that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

We find that the court did not improvidently exercise its discretion in allowing the then eight-year-old complainant to testify under oath. The court's preliminary examination of the child adequately demonstrated that she understood the nature of testifying under oath and that she was competent to be sworn as a witness (see, CPL 60.20 [2]). Under the circumstances, the court's determination on this issue should not be disturbed (see, *People v Nisoff*, 36 NY2d 560; *People v Chesnard*, 175 AD2d 254; *People v McDaniel*, 165 AD2d 817; *People v Rosado*, 157 AD2d 754).

Viewing the evidence in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's convictions of sodomy by forcible compulsion under the seventh count and sodomy based on deviate sexual intercourse with a person who is less than eleven years old under the eighth count resulted from his commission of a single act and therefore the sentences imposed for these crimes must run concurrently (see, Penal Law § 70.25 [2]; § 130.50; *People v Brathwaite*, 63 NY2d 839).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, *People v Keindl*, 68 NY2d 410). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.