■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEGUNDO VELEZ, Appellant. [623 NYS2d 270] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 28, 1991, convicting him of rape in the first degree (two counts) and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, after a jury trial, of two counts of rape in the first degree and one count of sexual abuse in the first degree in connection with three separate incidents involving his sexual encounters with his then seven-year-old biological daughter.

The trial court properly found that the complainant, who was nine-years-old at the time of the trial, could be sworn as a witness *(see,* CPL 60.20 [2]; *see generally, People v Nisoff,* 36

NY2d 560, 566; *People v Maldonado,* 199 AD2d 563; *People v McDaniel,* 165 AD2d 817). Significantly, her responses during voir dire indicated that she could distinguish the truth from a lie, that she understood the importance of an oath, and that she knew that she could get "in trouble" if she lied in court.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the jury's verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The jury had an opportunity to hear the conflicting testimony of the complainant and the defendant, as well as the expert testimony concerning child sexual abuse syndrome and a child's motive to fabricate allegations of sexual abuse. The complainant's trial testimony was consistent and detailed and established that all of the incidents took place at times during which the defendant was residing with his family. The medical evidence, including testimony that there was a "separation" and a cleft in the hymen, both of which were consistent with penile penetration, corroborated the complainant's allegations that partial penetration, "however slight", had occurred (Penal Law § 130.00 [1]; *see, People v Groff,* 71 NY2d 101; *People v Hobot,* 200 AD2d 586, *affd* 84 NY2d 1021).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.