THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH RESPASS, Appellant. [623 NYS2d 337] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 19, 1993, convicting him of rape in the first degree, sexual abuse in the first degree (four counts), and incest, upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 2⅓ to 7 years for his convictions of three counts of sexual abuse in the first degree to run concurrently with consecutive terms of imprisonment of 8⅓ to 25 years for his conviction of rape in the first degree and 2⅓ to 7 years for his conviction of one count of sexual abuse in the first degree and a consecutive term of imprisonment of 1⅓ to 4 years for his conviction of incest.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment for the conviction of incest run concurrently with the term of imprisonment for the conviction of rape in the first degree; as so modified, the judgment is affirmed.

The issue of the legal sufficiency of the evidence is not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of a fair trial by the admission of testimony, on redirect examination of the complaining witness, that she disliked the defendant because he had sexually abused her in the past. The defendant opened the door to such testimony by eliciting testimony on cross-examination of the witness that she hated the defendant and, therefore, had a motive to fabricate the charges against him (see, People v Melendez, 55 NY2d 445; People v Adams, 198 AD2d 422; People v Bailey, 193 AD2d 689).

However, as correctly conceded by the People, since the defendant's convictions of rape in the first degree and incest resulted from the defendant's commission of a single act of

intercourse, the sentences imposed for those crimes must run concurrently *(see,* Penal Law § 70.25 [2]; *People v Davis,* 182 AD2d 826).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.