■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DEHLER, SR., Appellant. [628 NYS2d 413] —Casey, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered June 3, 1994, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (six counts) and sodomy in the first degree (two counts).

Defendant's conviction on charges of sexual abuse in the first degree and sodomy in the first degree is based largely upon the testimony of defendant's granddaughter and her sister, who is not related to defendant, regarding certain acts which occurred at defendant's home in 1991 and early 1993. Defendant also testified and denied the commission of the acts. On appeal, defendant raises several grounds for reversal of the judgment of conviction.

Defendant first contends that County Court erred in denying his challenges for cause as to two jurors. As to one of the jurors there can be no reversible error because the record establishes that defendant still had peremptory challenges when the juror was seated as an alternate (see, CPL 270.20 [2]). As to the other juror, defendant did use a peremptory challenge and he ultimately exhausted all peremptory challenges. Nevertheless, we see no error in County Court's ruling as to this prospective juror, who had previously appeared as a prosecution witness during a preliminary hearing in an unrelated robbery case prosecuted by the Assistant District Attorney who was prosecuting defendant's case. Noticeably absent are the type of direct and personal contacts that are likely to preclude a juror from rendering an impartial verdict (compare, People v Provenzano, 50 NY2d 420, 424-425, with People v Branch, 46 NY2d 645, 651; see also, People v Dunkley, 189 AD2d 776, lv denied 81 NY2d 884). Nor was the prospective juror's security-related employment and consequent relationship with the police sufficient to prevent him from being impartial (see, People v Ruiz, 162 AD2d 637, 638, lv denied 76 NY2d 990). Absent evidence that the prospective juror would not have been impartial, and considering the prospective juror's expurgatory oath, we see no abuse of discretion in County Court's ruling (see, People v Colon, 71 NY2d 410, 418-419, cert denied 487 US 1239).

Defendant next contends that County Court erred in permitting the two children, ages seven and 11 at the time of the trial, to testify under oath. Contrary to defendant's argument, we are of the view that the court's inquiry during voir dire was sufficient to reveal that each child knew the difference between truth and falsity, and that both children understood the need to tell the truth when sworn and the possibility of punishment for not doing so (see, Matter of Frederick QQ., 209 AD2d 832, lv denied 85 NY2d 802; People v Shavers, 205 AD2d 395, lv denied 84 NY2d 939; People v Charlton, 192 AD2d 757, lv denied 81 NY2d 1071). The voir dire also established that each child had sufficient intelligence to give a reasonably accurate account of the matter about which she was to testify (see, People v Parks, 41 NY2d 36, 45), a conclusion bolstered by the children's testimony at trial (see, People v Sinatra, 134 AD2d 738, 740, lv denied 70 NY2d 1011).

After the voir dire, and before each witness was sworn, County Court informed the jury that the witness had sufficient intelligence and capacity to justify receipt of her testimony and the taking of the oath. Defendant contends that the court's comments constituted a direct signal to the jury regarding the believability and reliability of the witness. In contrast to People v Hewitt (1 AD2d 914), upon which defendant relies, County Court's comments did not imply that the witness would be truthful. The comments merely paraphrased the language of CPL 60.20 (2). In its charge to the jury, County Court clearly informed the jurors that they were "the sole and exclusive judges of the credibility of the witnesses". We find no merit in defendant's claim that he was denied a fair trial by County Court's comments.

Defendant also argues that the evidence is legally insufficient to establish either forcible compulsion, which is an element of some of the crimes, or sexual gratification, which is an element of other crimes. In considering this argument, we must view the evidence in the light most favorable to the People (see, People v Thompson, 72 NY2d 410, 413). Forcible compulsion can be inferred from the facts leading up to the crime (see, People v Gonzalez, 136 AD2d 735, lv denied 71 NY2d 896). Defendant was clearly a figure of authority to the children, and considering the substantial discrepancy in age, size and strength between defendant and the children, together with the isolated nature of the acts, we find the evidence sufficient to establish that defendant used his domination of the young victims to have sexual contact with them (see, Matter of Dakota EE., 209 AD2d 782; People v Yeaden, 156 AD2d 208, lv denied

75 NY2d 872). Accordingly, we reject defendant's argument regarding the element of forcible compulsion. Inasmuch as sexual gratification can be inferred from the conduct itself (*see, Matter of Olivia YY.*, 209 AD2d 892; *People v Farren*, 178 AD2d 913), defendant's argument regarding that element is meritless.

Defendant claims error in certain portions of County Court's charge to the jury and supplemental instructions. The issue was not preserved by appropriate objection (*see*, CPL 470.05 [2]), and we find nothing in the court's instructions which warrants reversal in the interest of justice.

Defendant's final argument concerns the severity of the sentence, which has an aggregate prison term of 7 to 21 years. County Court properly imposed concurrent sentences for the multiple offenses committed through a single act (*see*, Penal Law § 70.25 [2]). As to the crimes involving separate and distinct acts, County Court was authorized to impose consecutive sentences (*see*, Penal Law § 70.25 [1]), and all of the sentences imposed by County Court were within the appropriate statutory range. Despite defendant's age and lack of a prior record, we cannot say that County Court abused its discretion or that there are extraordinary circumstances which warrant modification of the sentence.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).