■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. CAREY, Appellant. [665 NYS2d 175] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of statutory rape, forcible and statutory sodomy and related counts of sexual abuse arising out of two separate incidents of sexual misconduct with his 11-year old stepdaughter. At trial, defense counsel cross-examined complainant about other prior uncharged acts of sexual abuse, apparently attempting to establish that the young complainant fabricated the accusations against defendant because she wanted to live with her father. County Court properly ruled that defense counsel "opened the door" and permitted the prosecutor on redirect to examine complainant about such prior uncharged acts (*see, People v Melendez*, 55 NY2d 445, 452; *People v Respass*, 213 AD2d 430, *lv denied* 85 NY2d 979). We reject defendant's contention that the court erred in allowing the prosecutor on redirect to question complainant concerning such prior uncharged acts of sexual abuse without giving the jury any limiting instructions. Defendant neither requested a limiting instruction nor excepted to the charge as given (*see, People v Williams*, 50 NY2d 996, 998; *People v Kae Kim*, 218 AD2d 815-816, *lv denied* 87 NY2d 847). Although the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial (*see, People v Flores*, 84 NY2d 184, 188-189; *People v Forbes*, 203 AD2d 609, 611; *People v Butts*, 177 AD2d 782), we conclude that that did not occur here. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (*see, People v Flores, supra*, at 187; *People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Oneida County Court, Donalty, J.—Rape, 2nd Degree.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.