■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESTLEY ROLLOCK, Appellant. [669 NYS2d 237] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 18, 1993, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the 10-year-old witness was able to appreciate the difference between the truth and a lie, and acknowledged her obligation to testify truthfully (*see, People v Morales,* 80 NY2d 450; *People v Nisoff,* 36 NY2d 560). Moreover, she indicated that she believes in God and that punishment from both God and the court is a consequence for lying, and she agreed to tell the truth while under oath (*see, People v Davila,* 223 AD2d 722; *People v Velez,* 212 AD2d 819; *People v McDaniel,* 165 AD2d 817, 818). Therefore, under the circumstances of this case, the trial court did not improvidently exercise its discretion by permitting the infant witness to give sworn testimony. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO TEJEDA, Appellant. [669 NYS2d 237] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 25, 1994, convicting him of murder in the second degree, attempted murder in the second degree (two counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his guilt of several crimes was not proven by legally sufficient evidence is not preserved for appellate review (*see, People v Gray,* 86 NY2d 10; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.