People v Ortiz (2019 NY Slip Op 01621)





People v Ortiz


2019 NY Slip Op 01621


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01079
 (Ind. No. 1189/15)

[*1]The People of the State of New York, respondent,
v
Augustine Ortiz, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Nicole Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered January 9, 2017, convicting him of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (three counts). At the trial, the People presented, inter alia, testimony that shortly before midnight on May 25, 2015, the defendant entered the bedroom of the then nine-year-old complainant and began having sexual intercourse with her. The complainant's mother entered the room and saw the defendant on top of the complainant, who was not wearing underpants. Immediately afterwards, the complainant told her mother that the defendant had put his "private part" inside her. The complainant was examined and found to have inflammation of the labia and hymen. A partial DNA profile obtained from a stain on the inside front panel of the defendant's pajama pants matched the complainant's DNA. The complainant testified at trial that the defendant had put his penis into her vagina.
The defendant's contention that the County Court erred in admitting certain testimony of the complainant's mother is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly admitted the testimony as a "prompt outcry" of the rape (People v McDaniel, 81 NY2d 10, 16; see People v Carfora, 69 AD3d 751).
The defendant's contention that the evidence was legally insufficient to support his conviction of rape in the first degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree beyond a reasonable doubt (Penal Law § 130.35[3]; see People v Velez, 212 AD2d 819, 820). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, [*2]2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Hili, 158 AD3d 647, 648; People v Freeman, 93 AD3d 805, 806).
The defendant's contention regarding the sufficiency of the evidence presented to the grand jury is not reviewable on this appeal (see CPL 210.30[6]; People v Guzman, 153 AD3d 1273).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court