People v Diez (2021 NY Slip Op 51233(U))

[*1]

People v Diez (Christian)

2021 NY Slip Op 51233(U) [73 Misc 3d 143(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-1227 W CR

The People of the State of New York,
Respondent,
against
Christian Diez, Appellant. 

Edelstein & Grossman (Jonathan I. Edelstein of counsel), for appellant.
Westchester County District Attorney (Jill Oziemblewski, William C. Milaccio and Steven A.
Bender of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester
County (Bonnie L. Orden, J.), rendered June 28, 2019. The judgment convicted defendant, upon
a jury verdict, of sexual misconduct, and imposed sentence. The appeal brings up for review an
order of that court dated May 4, 2019 denying motions by defendant seeking access to the
complainant's psychiatric records and permission to call an expert witness regarding the
medications the complainant was prescribed.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor information with two counts of sexual misconduct
(Penal Law § 130.20 [1], [2]) for allegedly engaging in sexual intercourse and oral sexual
conduct, respectively, with the complainant without her consent. Following a trial, the jury
convicted defendant of the count charging him with violating Penal Law § 130.20 (1)
(sexual intercourse), but acquitted him of the Penal Law § 130.20 (2) (oral sexual conduct)
count.
Contrary to defendant's claim on appeal, the trial evidence, viewed in the light most
favorable to the prosecution, was legally sufficient to support defendant's conviction, as it was
"competent evidence which, if accepted as true, would establish every element of an offense
charged and the defendant's commission thereof" (CPL 70.10; see People v Dubarry, 25
NY3d 161, 178 [2015]; People v Gordon, 23 NY3d 643, 649 [2014]; People v
Hines, 97 NY2d 56, 62 [*2][2001]; People v Contes,
60 NY2d 620, 621 [1983]; People v
Andujar, 166 AD3d 893, 894 [2018]). Additionally, defendant's conviction was not
against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349
[2007]).
The Justice Court did not improvidently exercise its discretion in denying defendant's
motions seeking access to the psychiatric records of the complainant, who was diagnosed with
anxiety and depression, and permission to call an expert witness to testify about the possible side
effects of the multiple prescription psychiatric medications the complainant was taking. To be
sure, "[w]here a primary prosecution witness is shown to suffer from a psychiatric condition, the
defense is entitled to show that the witness's capacity to perceive and recall events was impaired
by that condition" (People v King,
192 AD3d 1140, 1141 [2021]). However, with respect to the psychiatric records, "[t]he
proper procedure in such a case is for the court, after a showing of a reasonable likelihood
that the records might contain material bearing on the reliability and accuracy of the witness's
testimony, to order production of the records and to inspect them in camera" (People v
Arnold, 177 AD2d 633, 634 [1991] [emphasis added]). Here, defendant did not make a
satisfactory prerequisite showing "that the interests of justice significantly outweigh the need for
confidentiality" (id.; see Mental Hygiene Law § 33.13 [c]). In fact, defendant
made no articulable showing at all beyond mere speculation. Thus, "the trial court could
reasonably think there was no more than a remote possibility that disclosure of the records . . .
would lead to defendant's acquittal. The court was within its discretion in finding the records'
relevance to be outweighed by the complainant's legitimate interest in confidentiality" (People
v McCray, 23 NY3d 193, 200-201 [2014]). Similarly, defendant did not articulate a
reasonable, nonspeculative basis for why an expert witness should have been permitted to testify
about potential side effects of the medications prescribed to the complainant. Defendant
proffered no evidence that the complainant actually suffered from any such side effects, or that
her memory, recollection of events or testimony regarding those events was negatively impacted
by the medications.
The Justice Court did err in precluding defendant from cross-examining the complainant
about whether she had been experiencing side effects, individually or cumulatively, from her
medications, as the defense was entitled to try and establish "that the witness's capacity to
perceive and recall events was impaired" (People v Baranek, 287 AD2d 74, 78 [2001]).
However, this error was harmless in light of the overwhelming evidence that the complainant
accurately recalled dates, times, directions, locations and events, much of which was conceded by
the defense or confirmed by other witnesses, including defendant. In fact, the complainant's
testimony, pursuant to her own recollection, that she did not communicate clearly, either verbally
or with body language, her lack of consent until after the oral sex had occurred, but prior to the
vaginal sex, was helpful to the defense and likely played a large role in the jury's decision to
acquit defendant of the count of sexual misconduct involving oral sexual conduct.
Finally, the Justice Court did not improvidently exercise its discretion in denying the
admission into evidence of a recording of a controlled telephone call between the complainant
and defendant set up by the police. " ' A witness' trial testimony ordinarily may not be bolstered
with pretrial statements' " (People v
Watson, 163 AD3d 855, 863 [2018], quoting People v McClean, 69 NY2d 426,
428 [1987]). We see no purpose for this recording other than to improperly bolster defendant's
self-serving denials during his trial testimony with his equally self-serving denials during that
call.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021