People v Dugal (2025 NY Slip Op 25281)

[*1]

People v Dugal

2025 NY Slip Op 25281

Decided on December 24, 2025

Criminal Court Of The City Of New York, Bronx County

Mikhaleva, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 24, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

againstGenesis Dugal, Defendant.

Docket No. CR-016693-25BX

Defendant by Joshua Hadas, Esq., The Law Office of Joshua Hadas, 840 Grand Concourse, Suite 1-A, Bronx NY 10451, jhadas@hadas-legal.comThe People by A.D.A. Nefertiri J Lashley, Esq., Bronx County District Attorney's Office, 265 East 161 Street, Bronx NY 10451, lashleyne@bronxda.nyc.gov

Anna Mikhaleva, J.

Defendant's motion to invalidate the People's certificate of compliance pursuant to CPL § 245.20 (1) and to dismiss the accusatory instrument pursuant to CPL §§ 170.30 (1) (e) and 30.30, or, in the alternative, for an Allard hearing is denied for the reasons set forth below.RELEVANT FACTS AND PROCEDURAL HISTORYOn June 16, 2025, Defendant was arrested and charged with (i) assault in the third degree (PL § 120.00 [1]) and (ii) harassment in the second degree (PL § 240.26 [1]), stemming from a June 16, 2025, incident in which Defendant allegedly "struck [complainant] about the stomach with [her] foot," causing the complainant, who was pregnant at the time, to suffer "substantial pain about the stomach" and to seek "treatment at a local Bronx hospital" (Compl. at 1; Lashley Affirm. at 2-3). On June 17, 2025, Defendant was arraigned and released on her own recognizance. On July 30, 2025, the People filed and served a supporting deposition, and the complaint was subsequently deemed an information. On September 8, 2025, the People filed and served a certificate of compliance ("COC") and statement of readiness ("SOR") off-calendar.[FN1]

The central issue raised by Defendant on this motion concerns the medical records [*2]produced by the People as part of their discovery compliance. Specifically, Defendant takes issue with the fact that the People turned over only seven pages of medical records as related to this incident, when, in fact, hundreds of pages were purportedly produced by the hospital in response to the People's subpoena dated July 29, 2025. The subpoena, however, lists dates of treatment for the complainant as January 18, 2025 to July 22, 2025 — i.e., the subpoena includes a period of treatment predating the incident by approximately six months.
On September 29, 2025, defense counsel emailed the assigned Assistant District Attorney ("ADA") to request the complainant's full medical records. The ADA responded that same day that these records that were not provided because the People received "voluminous . . . medical records that were not related to the incident" that "were highly sensitive and [included] confidential information related to the complainant" (People's Mem., Ex. 2). By email dated October 7, 2025, defense counsel again requested all medical records in the People's possession. The next day, October 8, 2025, without awaiting a response, Defendant filed this motion challenging the validity of the COC.
Defendant argues that the People's COC and SOR are invalid under CPL § 245.20 (1) because the People did not provide all the medical records in their possession (Hadas Affirm., ¶¶ 8, 19-20). Defendant maintains the People were required to provide the entirety of the complainant's medical records that were in their possession or to seek a protective order, and that the failure to do either invalidates the COC (Hadas Reply Affirm., ¶¶ 5, 13). As a result, defense counsel maintains they could not "meaningfully assess causation, the extent of the alleged injury, or potential impeachment material" (Hadas Reply Affirm., ¶ 12).
The People counter that they made reasonable and diligent efforts by providing a "robust discovery package to the defense," that Defendant was not prejudiced by the alleged disclosure violations, and that the totality of the People's efforts demonstrate the COC should not be invalidated (People's Mem. at 15-16, 19-21). In addition, the People maintain they have disclosed all required discovery pursuant to CPL § 245 as they provided the medical records relevant to the date of the alleged incident, and that the remaining medical records predate the alleged incident and contain sensitive medical information about the complainant and/or her children (People's Mem. at 17-18, 21).

DISCUSSION

In a misdemeanor case, the People must be ready for trial within ninety days of the time a criminal court action is commenced, less any excludable time (CPL § 30.30 [1] [b]; People v Brown, 28 NY3d 392, 403 [2016]). To that end, the People must "make a diligent, good faith effort to ascertain the existence of" any discoverable material and to "cause such material or information to be made available for discovery" (CPL § 245.20 [2]). The filing of a valid COC, along with a statement of readiness, will toll the statutory speedy trial period (see CPL § 30.30 [5]).
On a motion challenging the validity of a COC, the court must determine whether the People exercised due diligence or improperly filed a COC. The burden is on the People to establish that they made reasonable inquiries to ascertain the existence of, and to obtain any, material and information subject to discovery, and that they have disclosed and made available all such known material and information (CPL § 245.50 [1]; People v Bay, 41 NY3d 200, 211 [2023]; see also CPL § 245.20 [2]).
This year, the legislature amended Article 245 of the Criminal Procedure Law to enact certain changes and provide clarity as to the scope of discovery obligations by the parties. [*3]Critically, to facilitate discovery compliance, the recently amended discovery statute now requires that, absent a good cause extension, any challenge to a COC must be timely made within 35 days of service of the COC and that any such challenge "shall be accompanied" by an affirmation of counsel attesting that counsel "timely conferred in good faith or timely made good faith efforts to confer with the opposing party regarding the specific and particularized matters forming the basis for [any] challenge, that efforts to obtain the missing discovery from the opposing party or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached" (CPL § 245.50 [4] [c] [emphasis added]). This new requirement contemplates that, "the parties may confer informally, including but not limited to communication by email, telephone, or any other reasonable means," however, the affirmation must demonstrate that, at a minimum, the parties did, in fact, confer and that "no accommodation could be reached" (id.).
On this motion, a threshold question exists as to whether defense counsel satisfied this new affirmation requirement (see CPL § 245.50 [4] [c]). Defense counsel's affirmation, which is submitted in lieu of any memorandum of law, only states that counsel raised the issue as to the medical records with the assigned ADA, received a prompt response the same day, re-iterated his request a week later and filed this motion the day after his second email, before receiving any reply thereto. The court can only try to infer from this summary that, "no accommodation could be reached" as defense counsel never actually affirms as much (CPL § 245.50 [4] [c]).
Given that this is a recent requirement, whether the courts will strictly construe this threshold obligation remains to be seen. Case law concerning how much specificity is required in the affirmation, or what is even required of the "meet and confer process" in criminal cases, is admittedly limited. In People v Whitney, a recent Bronx County Criminal Court decision, the court (David, J.) concluded that, "by requiring an attestation similar to that mandated in the civil context, the Legislature plainly intended that counsel do more than simply parrot the statutory language in the affirmation" (— Misc 3d &mdash, 2025 NY Slip Op 25248, *4 [Crim Ct, Bronx County, November 21, 2025]). The court in Whitney concluded that defense counsel failed to satisfy the procedural requirements of § 245.50 (4) (c) where counsel did not make a "timely effort to confer with the People" when they raised an issue with respect to "over 31 varied items of discovery a week before the COC challenge [motion] deadline" and failed to demonstrate that the "conferral was undertaken with the 'good faith' the statute contemplates" (Whitney, 2025 NY Slip Op 25248, *5).
In People v Calvin Y., however, a New York County Criminal Court decision from September of this year, a different court (Coleman, J.) noted in dicta that, "the statute only requires conferral sufficient to elicit the parties' respective positions in the dispute and to establish that a resolution could not be reached" (86 Misc 3d 1270[A], 2025 NY Slip Op 51383[U], *2 [Crim Ct, NY County, September 2, 2025]). The court further observed that, "where the defense believes that they are entitled to dismissal and the prosecution offers only explanations for any discovery lapses and belated disclosure, the parties need not confer any more than what is needed to clarify the points of disagreement" (id. at *3)
To be sure, the new requirement cannot be read to "require either party to accept a 'resolution' or 'accommodation' that they consider unsatisfactory" (id. at 3). However, plainly, the new statutory requirement was intended to encourage the parties to resolve their disputes without motion practice, as well as to avoid the inevitable delay caused by such motions, whenever possible. As such, the affirmation requirement, including the moving party's [*4]attestation that, "no accommodation could be reached" cannot be read out of the statute or simply inferred from the mere fact that counsel raised an issue with the other side at some point before their motion was filed (see CPL § 255.50 [4] [c]). Here, it is unclear from the affirmation submitted whether there was any meaningful effort to actually resolve the dispute before defense counsel filed this motion. All that the court can surmise is that the parties had a disagreement as to whether additional records were required to be turned over.
For purposes of this motion, however, whether the procedural requirements have been met is not dispositive as the remaining medical records are plainly not required to be disclosed because, as noted above, they predate the date of the alleged incident and are, therefore, not "relat[ed] to the criminal action or proceeding" (CPL § 245.20 [1] [j]). As such, the failure to produce these records is simply not a basis to invalidate the People's COC in this case (see People v Cruz Garcia, 72 Misc 3d 1217[A], 2021 NY Slip Op 50791[U], *12-13 [Sup Ct, Kings County 2021]).
Specifically, CPL § 245.20 (1) (j) directs the People to disclose to Defendant "the following material and information in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," which, in part, includes all reports, documents and other writings concerning, among other things, physical or mental examinations relating to the criminal action or proceeding when the documents: (i) "were made by or at the request or direction of a public servant engaged in law enforcement activity;" (ii) "were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing;" or (iii) "which the prosecution intends to introduce at trial or a pre-trial hearing." Here, while the People are in possession of the complainant's medical records, the unproduced portion of the medical records does not fall within any of the categories listed in CPL § 245.20 (1) (j) that would require disclosure (see People v Siame, 84 Misc 3d 971 [Crim Ct, Bronx County 2024]). As the People explain, the unproduced medical records predate the alleged incident and contain information about the health of the complainant and her children; as such, these are not records "relating to the criminal action or proceeding" as outlined in CPL § 245.20 (1) (j), and the People are not required to provide these records (see People v Cruz Garcia, 2021 NY Slip Op 50791[U], *12-13; see generally People v Kennedy, 79 Misc 3d 973 [Crim Ct, Kings County 2023]).
To the extent that Defendant argues — for the first time on reply — that without the remaining medical records, defense cannot meaningfully assess causation or the extent of the alleged injury, it is unclear how the medical records predating the alleged incident, including information relating to complainant's children, is necessary or relevant in that regard. Notably, the records provided by the People include the complainant's aftercare visits (People's Mem., Ex. 1). Defendant is not entitled to the entirety of the complainant's medical file on the mere speculation that it might contain something relevant without at least articulating what that something might be.
Given that the medical records are not discoverable, Defendant's position that the People's failure to seek a protective order for the unproduced medical records renders the COC invalid is likewise without merit (People v Cruz Garcia, 2021 NY Slip Op 50791[U], *12-13 [CPL § 245 does not require People to seek protective order to redact information from the complainant's medical records as it is not discoverable]). Defendant's argument that the People were "required to turn over all relevant materials in their possession" or to seek a protective order, ignores the statutory language (Hadas Reply Affirm., ¶ 5). Notably, defense counsel then [*5]states that, "the language of CPL § 245.20 (1) (j) is explicit in including medical records among the materials subject to automatic disclosure, provided they were generated by or at the request of law enforcement, or are intended for use at trial or a pre-trial hearing" (id. ¶ 6). As set forth above, defense fails to explain how the unproduced medical records fall under the information specified in CPL § 245.20 (1) (j) that would require disclosure.
However, inasmuch as the produced medical records were redacted without the People first seeking a protective order, the People are directed to provide defense counsel with a new copy of said records containing only redactions specifically authorized by statute (see CPL § 245.20 [6] [permitting redactions without protective order of social security numbers, tax numbers, physical addresses or other forms of contact information for certain witnesses provided that one form of adequate contact information is provided, and material or information not otherwise required to be disclosed under CPL § 245.20 [1] so long as underlying reason for redactions provided]; see also CPL § 245.70). For the avoidance of doubt, this is not a basis to invalidate the COC as the court finds that the People otherwise met their due diligence obligations in this case (see CPL § 245.50 [5]).
As to Defendant's claim that the remaining medical records "may be relevant to the credibility of the complainant," and may be "potential impeachment material," (Hadas Affirm. ¶ 8; Hadas Reply Affirm. ¶ 12), CPL § 245.20 (1) (k) requires that the People provide, "[a]ll evidence and information that relate to the subject matter of the case" that tends to "impeach the credibility of a testifying prosecution witness." Defendant has not demonstrated how the remaining medical records would impeach the complainant's credibility in any way. Without more, defense counsel's mere conjecture that the remaining medical records could include substance abuse and/or mental health information does not require those records to be disclosed (see People v Diez, 73 Misc 3d 143[A], 2021 NY Slip Op 51233[U] [App Term, 2d Dept, 9th & 10th Jud Dist 2021]; see generally People v Miller, 86 Misc 3d 1210[A], 2025 NY Slip Op 50907[U] [Sup Ct, Kings County 2025]). By that logic, medical records for any testifying prosecution witness would need to be produced for every criminal case whenever they happen to be in the People's possession. To the extent anything exculpatory is contained in said medical records, the People are already under the obligation to turn over those documents pursuant to Brady and its progeny (see generally Brady v Maryland 373 US 83 [1963]).
Speedy Trial Calculation
The time from Defendant's arraignment on June 17, 2025 to September 8, 2025, the date the People filed their COC and SOR is 83 days. Accordingly, 83 days is chargeable to the People.
Allard Motion
Inasmuch as Defendant seeks a hearing pursuant to People v Allard (28 NY3d 41 [2016]), with respect to any disputed issues of material facts so that said issues may be resolved, there are no material disputed issues of fact requiring a hearing to resolve on this motion.
Accordingly, it is hereby
ORDERED that Defendant's motion to dismiss pursuant to CPL §§ 170.30 (1) (e) and 30.30 is denied; and it is further
ORDERED that the People's certificate of compliance filed on September 8, 2025, is deemed valid; and it is further
ORDERED that the People are directed to provide unredacted copies of the already produced medical records in accordance with this decision and order on or before January 7, [*6]2026; and it is further
ORDERED that Defendant's request for an Allard hearing is denied.
Date: December 24, 2025Hon. Anna Mikhaleva

Footnotes

Footnote 1:The People's opposition states the COC was filed on September 9, 2025, but a review of the court file and COC shows that it was filed on September 8, 2025.