■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant.—Judgment, Supreme Court, New York County (Frank J. Blangiardo, J.), rendered August 21, 1987, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent indeterminate terms of imprisonment of from 6 to 12 years, unanimously reversed, on the law, and the matter remanded for a new trial.

On their direct case the People were permitted to introduce evidence of four separate sales of heroin, all of which occurred within the span of an hour. In each instance defendant, acting alone, was observed exchanging glassine envelopes, which he kept in a green and white Newport cigarette box, for cash. After the fourth such transaction, both defendant and the purchaser were arrested. Three glassine envelopes stamped "red and green" and containing heroin were found in the Newport cigarette box recovered from defendant. Two identical glassine envelopes were recovered from the purchaser. Only the fourth incident is the subject of the indictment, which charges defendant with both the sale and criminal possession with intent to sell. Shortly after the admission of the uncharged crimes evidence, and again in its final instructions, the trial court told the jury that the uncharged crimes

were evidence of defendant's "modus operandi" or "similarity of activity or conduct." Defendant objected both to the receipt of the uncharged crimes evidence and to the modus operandi charge. His motion for a mistrial was denied. We reverse.

While the uncharged crimes evidence was probative of defendant's intent to sell and could be admitted for that purpose *(People v Alvino,* 71 NY2d 233, 245), the court failed completely to limit the jury's consideration of such evidence for this purpose. Instead, it explicitly permitted the jury to consider the other crimes as demonstrative of defendant's modus operandi. In a case such as this, where not even identity was at issue, this was tantamount to a criminal propensity instruction. Evidence of uncharged crimes may not be received "if the only purpose of the evidence is to show bad character or propensity towards crime" *(supra,* at 241). A proper limiting instruction would have restricted the jury's use of the evidence to the possession count, and solely for its relevance as to defendant's intentions with respect to the drugs in his possession at the time of arrest. The court's instructions did neither. Rather, they only enhanced the risk that the jury would consider the uncharged drug sales for the precise purpose which proscribes such evidence—as "evidence that the defendant was engaged in [the] narcotic business on February 26th", as the prosecutor urged in summation. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.