■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVELYN L. VANNOY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 7, 1990, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and criminal possession of a weapon in the third degree.

In the early morning hours of March 26, 1989, defendant drove her husband, Albert Vannoy, who was suffering from multiple knife wounds, to the emergency room of Tompkins County Community Hospital. Investigating police officers, having heard inconsistent and conflicting descriptions of the events from defendant and Vannoy, continued to question Vannoy. He eventually informed them that defendant had attacked him with a knife. Defendant was thereafter arrested and charged with assault in the first degree and criminal possession of a weapon in the third degree. County Court denied as untimely a motion made November 7, 1989, some four months after the arraignment, challenging the effectiveness of defendant's consent to have her apartment searched. After a hearing pursuant to CPL article 730, the court concluded that defendant was competent to stand trial.

At trial the testimony of defendant and Vannoy differed distinctly in describing the events leading to the injuries suffered by Vannoy. He testified that he and defendant had argued about the spelling of a word and that she attacked him as he was entering the shower. Defendant testified that she had found Vannoy in bed with his sister, left the apartment while he and his sister were having an argument and, upon

her return, found Vannoy in the shower suffering from multiple stab wounds. The jury found defendant guilty of both charges. After her motion to set the verdict aside pursuant to CPL 330.30 was denied, defendant appealed.

Prior to trial defendant had received a favorable *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) which precluded questioning about a prior conviction for attempted assault in the second degree. Notwithstanding this ruling, during defendant's direct testimony defense counsel, without apparent reason, questioned defendant about her prior convictions and the underlying circumstances of an assault involving razor cuts. Defendant's answers were demonstrably inaccurate and subjected her to a devastating cross-examination about a conviction which had already been precluded. Thereafter, during defendant's cross-examination, defense counsel failed to make any objections to questions by the prosecutor about several previous violent clashes with Vannoy in which the police had been involved. This occurred despite the fact that County Court had precluded inquiry about these same acts, finding that the potential for prejudice far outweighed the probative value of the reasons why Vannoy claimed to be fearful of his wife. The court had initially ruled that inquiry could be made solely to establish a basis for Vannoy's fear of defendant and which would explain why his original statement to the police was false.

Defendant contends that these errors and others on the part of her attorney denied her effective legal representation. She argues that she was particularly prejudiced because defense counsel had formulated a strategy in which her credibility as a witness was paramount when compared with Vannoy, who was both the complainant and the sole witness to the stabbing. Moreover, Vannoy had a blood alcohol level of .24% at the time of admission to the hospital and failed to implicate defendant in his initial statements to a nurse and then to the police, indicating instead that he had been stabbed by another male while on the street. The devastating impact of this discrediting cross-examination was highlighted by the prosecutor's characterization in his summation. He stated that this was not the first time defendant had attacked Vannoy, and emphasized defendant's testimony on cross-examination in which she said that Vannoy had been the aggressor. Thus, the prosecutor capitalized on defense counsel's unexplainable actions, which opened the door for the prosecution to attack defendant's credibility, to suggest a propensity on defendant's

part to make knife attacks, particularly on Vannoy, and to explain why Vannoy changed his story.

Here the record indicates that, rather than undertaking a misguided but reasonably plausible strategy, defense counsel embarked on an inexplicably prejudicial course (see, People v Zaborski, 59 NY2d 863, 864-865), demonstrating the absence of strategic or any other legitimate explanation for his conduct (see, People v Rivera, 71 NY2d 705). When viewed as a whole the record demonstrates that defendant was not provided with meaningful representation (see, People v Baldi, 54 NY2d 137, 147). The errors of counsel were sufficiently serious to have deprived defendant of a fair trial, especially since the credibility comparison of defendant and Vannoy was of primary importance to the defense (see, People v Ofunniyin, 114 AD2d 1045, 1046-1047; see also, People v Wiley, 120 AD2d 66, 71).

We have examined the remaining issues raised by defendant and find them to be without merit.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tompkins County for a new trial.