■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. BUTTS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered May 7, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of marihuana in the fourth degree.

Defendant was indicted for two counts of criminal possession of a controlled substance in the third degree (possession with intent to sell) and one count of criminal possession of marihuana in the fourth degree. The charges resulted from search warrants executed at his residence at 37½ Dietz Street in the City of Oneonta, Otsego County, where .76 of a gram (or approximately 1/38 of an ounce) of cocaine and 245 grams (just over a half of a pound) of marihuana were seized, along with certain items common with drug usage and sales, and, immediately after defendant's arrest, the seizure of .52 of a gram (or approximately 1/55 of an ounce) of cocaine along with drug-related items, including a triple beam balance scale, found at his father's residence at 20 Pleasant Street in Oneonta.

During the trial, the prosecution was permitted to present testimony describing two alleged cocaine sales by defendant to a friend during the week before his arrest. The prosecution argued that the purpose of this testimony was to show that

defendant possessed the drugs with intent to sell rather than for his personal use. Defendant was convicted as charged and sentenced to two concurrent prison terms of 12½ to 25 years on the cocaine charges and a concurrent term of one year on the marihuana charge. This appeal ensued.

Defendant first contends that it was error to admit evidence of the prior uncharged crimes.[1] It is well established that evidence of uncharged crimes may not be admitted when the purpose is to demonstrate the defendant's criminal propensities *(People v Molineux,* 168 NY 264, 313; *see, People v Ingram,* 71 NY2d 474, 479; *People v Allweiss,* 48 NY2d 40, 47). One exception to the the rule permits the admission of such evidence to prove the specific crime charged when it tends to establish the element of intent *(People v Molineux, supra,* at 293), provided that the trial court carefully weighs the degree of probativeness with the potential for prejudice of the proffered evidence *(People v Ventimiglia,* 52 NY2d 350, 359-360). Conceding, arguendo, that the purpose of the evidence of the uncharged crimes was probative of defendant's intent to sell and could be admitted for that purpose *(see, People v Alvino,* 71 NY2d 233, 245), the court failed completely to limit the jury's consideration of such evidence for this purpose. During a side bar prior to jury selection which County Court characterized as a *Ventimiglia* hearing, defendant failed to specifically request that a limiting instruction be given to the jury, the absence of which would indicate that the evidence was received for all purposes *(see, People v Bolling,* 120 AD2d 601, 602, *lv denied* 68 NY2d 665), and could well have led the jury to believe that the testimony was introduced to prove defendant's criminal propensities *(see, People v Guzman,* 146 AD2d 799, 800). In summation the prosecutor emphasized that defendant had made sales to the witness *at least twice* during the week preceding his arrest, creating the inference that he was a drug dealer. We find that the failure to give limiting instructions of any kind requires reversal in the interest of justice and a new trial on count one of the indictment *(see, People v Torres,* 155 AD2d 226; *see also,* CPL 470.15 [6] [a]; *People v Williams,* 50 NY2d 996, 998).

---

1. In response to how many times she had seen defendant during the week in question, the witness stated: "I don't know exactly, but I was there a few days." In response to what quantities the witness had purchased, she responded: "I don't recall exactly, but *I usually purchased* quarters. Quarter of a gram." (Emphasis supplied.) In response to the prosecutor's inquiry of how much was paid, the response was: *"It was usually 20 or 25.* I don't know exactly." (Emphasis supplied.)

Defendant next contends that there was no evidence that he possessed the drugs and items found at his father's house. Relying upon this court's decision in *People v Eldridge* (173 AD2d 975), defendant contends that there was no proof justifying an inference that he exercised dominion and control over the only bathroom in the residence (where .52 of a gram of cocaine was located in the bottom of a dresser) and the junk room where the scale, some cutting agent, a ruler and baggies were located. The record shows that although defendant regularly visited with his father and was permitted full access to the house, he neither resided there nor exercised dominion and control over any part of it, and that other persons in addition to his father had access to the locations where the evidence was discovered. The failure to link defendant to the cocaine and the other evidence seized at his father's house at 20 Pleasant Street requires dismissal of the conviction on count two based on his alleged possession at that location[2] *(see, People v Pearson,* 75 NY2d 1001, 1002).

We find defendant's remaining contentions lacking in merit. Defendant's marihuana conviction, which was based solely on possession at his residence and not involving intent to sell, should be affirmed.

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the convictions for criminal possession of a controlled substance in the third degree; count two of the indictment dismissed and matter remitted to the County Court of Otsego County for a new trial on count one of the indictment; and, as so modified, affirmed.

2. Although the indictment does not identify in each count the address at which the contraband was seized, the record demonstrates that count one related to 37½ Dietz Street and count two to 20 Pleasant Street.