■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HERNANDEZ, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered October 20, 1989, convicting defendant after a jury trial of attempted murder in the second degree and assault in the second degree, and sentencing him to concurrent terms of 6 to 12 years and 2½ to 5 years imprisonment, respectively, unanimously affirmed.

The jury's finding that defendant intended to cause the death of the victim is supported by the evidence. The testimony of the victim and his brothers established that defen-

dant was spoiling for a fight and singled out the victim. After striking the victim in the face with a metal object, the victim and defendant briefly fought. Defendant then stabbed the victim in the side. "That the jury could have drawn a different inference from the evidence as to defendant's mental state does not mean that the evidence of intent is insufficient" *(People v Steinberg,* 170 AD2d 50, 69). Intent is an issue of fact that often must be determined only on the basis of the criminal act and the circumstances surrounding its commission *(People v Bracey,* 41 NY2d 296, 301); and viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant intended to kill the victim *(People v Contes,* 60 NY2d 620, 621).

Defendant's argument that he was deprived of his right to a fair trial by the receipt of inadmissible evidence has not been preserved (CPL 470.05 [2]), and we do not find merit in his related claim that trial counsel was ineffective. Virtually all of the testimony with which defendant now takes issue did not prompt a protest; while defendant now claims that there can be no plausible explanation for counsel's tactics at the trial, the record does not reveal that counsel blundered or did not prepare for trial. While hindsight might allow for the conclusion that trial counsel would have better served defendant's interests had he objected to a portion of the testimony with which defendant now takes issue, it is clear that counsel's efforts, viewed as a whole, were not ineffective *(People v Baldi,* 54 NY2d 137). Counsel attempted to impeach the credibility of the victim and his brothers by exposing inconsistencies in their testimony. He developed the justification defense through his examination of defendant and the defense witnesses, and on the whole gave a cogent summation. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.