■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IYINDE DOVE, Also Known as D., Appellant. [731 NYS2d 769] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Austin, J.), rendered May 26, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the seventh degree (four counts).

Defendant's principal contention on this appeal is that he received the ineffective assistance of counsel and therefore his convictions should be reversed. The right to effective assistance of counsel, as guaranteed by both the Federal and State Constitutions (*see*, US Const 6th Amend; NY Const, art I, § 6), has no concrete definitional parameters, the doctrine of necessity being flexible to address the unique facts of each case (*see*, *People v Baldi*, 54 NY2d 137, 146; *People v Forbes*, 203 AD2d 609). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, *supra*, at 147 [citations omitted]). We have previously held that in order to establish the ineffective assistance of trial counsel, the record must demonstrate an absence of strategic or otherwise legitimate explanations for the claimed errors of trial counsel (*see*, *People v Langlois*, 265 AD2d 683, 685). Thus, while there is no specific litmus test with which to determine the effectiveness of a particular representation (*see*, *People v Ellis*, 81 NY2d 854, 856), losing trial tactics do not automatically rise to the level of ineffective assistance of counsel (*see*, *People v Rivera*, 71 NY2d 705, 708).

With these familiar principles in mind, we turn to the salient facts of the instant appeal. The record establishes that, while wearing an electronic monitoring and recording device, a confidential informant made four controlled buys of crack cocaine from defendant in the City of Schenectady, Schenectady County, between August 27, 1999 and September 21, 1999. At

trial, the parties stipulated that defendant was not in the City of Schenectady from February 8, 1995 to April 15, 1998, and from July 17, 1998 to July 1, 1999. The record further reveals that defense counsel's primary trial tactic was to attack the credibility of the confidential informant in order to undermine his identification of defendant as the seller of the cocaine.

Despite having obtained a favorable *Ventimiglia* ruling prohibiting the introduction of evidence of uncharged crimes, much of defense counsel's attempt to attack the credibility of the confidential informant consisted of him eliciting numerous prior uncharged drug sales in Schenectady between the confidential informant and defendant, which counsel tried to assert occurred during the periods of time that defendant was absent therefrom. Standing alone, this might be viewed only as an unwise but losing trial strategy. However, when coupled with counsel's failure to request limiting instructions regarding this evidence, and County Court's failure to include in its charge any limitation concerning the use of such evidence, a reversal is mandated (*see, People v Butts*, 177 AD2d 782; *People v Vannoy*, 174 AD2d 790).

Since a new trial is necessary, we address defendant's contention that County Court erred when it failed to authorize funds to allow defendant to retain an expert witness to examine the audiotapes. Defendant's application was to retain a specific expert at a cost of $6,000. Such applications must demonstrate a distinct necessity for the expert and, if the compensation is to exceed the statutory limit of $300, "extraordinary circumstances" must exist which warrant the expenditure of the additional public funds (*see*, County Law § 722-c; *People v Lane*, 195 AD2d 876, 878, *lv denied* 82 NY2d 850). We conclude that County Court's denial of this application did not constitute an abuse of discretion or in any way impair defendant's right to present an adequate defense. The application was oral and failed to address details concerning the necessity for the expert, the time to be expended by the expert, the precise services to be rendered by the expert, or the extraordinary circumstances which would warrant an expenditure in excess of $300. Also, although the initial application was denied, defendant failed to seek an adjournment of the trial in order to locate an expert who could examine the recordings at a more reasonable sum (*see, People v Lane, supra*, at 878). We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter

remitted to the County Court of Schenectady County for a new trial.