Appeal from a judgment of Oneida County Court (Dwyer, J.), entered December 13, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the *1047 motion is granted, the indictment is dismissed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We agree with defendant that County Court erred in denying his motion to dismiss the indictment based on the legal insufficiency of the evidence at trial. The People presented evidence that, while executing a search warrant, police officers discovered a plastic bag containing a rock of crack cocaine the size of a golf ball on the bathroom floor of a trailer. Defendant and another man were in the bathroom when the officers entered the trailer, and the officers did not see either man in actual possession of the cocaine. Rather, the cocaine was discovered after both men were directed by the officers to lie side by side on the bathroom floor, defendant was handcuffed behind his back and pat-searched, and the other man was led out of the bathroom. The presence of defendant in the bathroom where the cocaine was found is insufficient, without more, to establish his possession of the cocaine (see Matter of Dallas L., 183 AD2d 897, 898-899 [1992]). Defendant did not reside in the trailer or exercise dominion and control over any part of it (see People v Butts, 177 AD2d 782, 784 [1991]; People v Ortiz, 126 AD2d 677, 678 [1987], lv denied 70 NY2d 652 [1987]). In addition, the cocaine was discovered in a location equally accessible to at least one other person at the time of the seizure (see Butts, 177 AD2d at 784; People v Harvey, 163 AD2d 532, 532-533 [1990]; People v Harris, 47 AD2d 385, 388 [1975]; cf. People v Dawkins, 136 AD2d 726 [1988]). The evidence is therefore legally insufficient to establish beyond a reasonable doubt that defendant possessed the cocaine (see People v Torres, 45 AD2d 1042 [1974]). In view of our determination, we do not address defendant’s remaining contentions. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.