■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL ROBERT BRAND, Appellant. [787 NYS2d 169]—

Mercure, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 19, 1996, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the third degree.

In December 1994, defendant fatally shot his wife (hereinafter the victim) in the head with a .22 caliber rifle while she was in bed at their home in the Town of Altona, Clinton County. Defendant contacted emergency services and told police officers arriving at the scene that he shot the victim after an argument over her infidelity. Thereafter, defendant was charged in a two-count indictment with murder in the second degree and criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted as charged and sentenced to concurrent prison terms aggregating 25 years to life. Defendant appeals and we now affirm.

In support of his defense that he was sleepwalking when he shot the victim and, therefore, lacked the intent to kill her, defendant sought various evaluations, including a sleep evaluation. He asserts that County Court erred in denying his request pursuant to County Law § 722-c for the sleep evaluation, an expert to interpret the results of that evaluation and a neuropsychologist. In order to have prevailed on his motion for expert services, defendant was required to show that the services requested were necessary to the defense and, because the compensation for the services would exceed $300, extraordinary circumstances (*see People v Dove*, 287 AD2d 806, 807 [2001]; *People v Lane*, 195 AD2d 876, 878 [1993], *lv denied* 82 NY2d 850 [1993]).* In connection with defendant's motion, one of two psychiatrists involved in the case on defendant's behalf indicated that defendant was in a state of psychological automatism at the time of the shooting, but that the requested additional services were necessary to clarify whether he was in that state due to a psychotic episode or a sleepwalking episode.

The People, however, did not dispute the *type* of unconscious automatism that defendant may have experienced at the time of the shooting or that he suffered from a sleep disorder; instead, the People sought to prove that defendant was entirely conscious and acting intentionally when he shot the victim and that he merely fabricated amnesia attributable to an uncon-

---

* We note that County Law § 722-c has since been amended, effective January 1, 2004, to provide that a defendant need demonstrate extraordinary circumstances only when the compensation will exceed $1,000 (*see* L 2003, ch 62, part J, § 3).

scious state. Given the testimony of another of his psychiatric experts, Stuart Kleinman, that defendant was in a state of automatism at the time of the attack, we conclude that defendant was fully able to challenge the People's assertions and that County Court's denial of his application for additional services did not constitute an abuse of discretion or in any way impair his right to present an adequate defense (*see People v Dove, supra* at 807). Moreover, County Court did not deprive defendant of the assistance of a psychiatrist or prevent him from confronting the witnesses against him by denying defendant's request for an additional adjournment when he had not received the formal reports of Kleinman or the People's rebuttal witness prior to the start of trial. Defendant received both reports prior to the close of the People's case and was able to thoroughly examine both witnesses regarding their opinions of defendant's state of mind at the time of the shooting (*see Matter of Hasan R.*, 177 AD2d 817, 817 [1991]; *cf. People v Rodriguez*, 6 AD3d 814, 816-817 [2004]).

Also unpersuasive is defendant's argument that statements he made to police officers about the circumstances of the shooting should have been suppressed. Prior to giving defendant *Miranda* warnings, a police officer, arriving on the scene with his gun drawn, immediately asked defendant, "What happened?" When defendant responded that he had been in an argument with the victim and he hoped that she was alright, the officer asked where the victim and children were in the house. The officer indicated that he knew one person in the residence was injured and that he was proceeding with caution to prevent further injury to anyone else. Because the officer's investigatory questions were made to clarify the nature of the volatile and dangerous situation confronted, as well as to locate the victim so that medical help could be rendered, defendant's statements were not the product of a custodial interrogation designed to coerce a statement and County Court properly declined to suppress them (*see People v Huffman*, 41 NY2d 29, 33-34 [1976]; *People v Prue*, 8 AD3d 894, 897 [2004], *lv denied* 3 NY3d 680 [2004]; *see generally People v Warren*, 300 AD2d 692, 693-694 [2002], *lv denied* 99 NY2d 621 [2003]). Similarly, defendant's brief silence and head nods after being read *Miranda* rights several times, coupled with his failure to request counsel when prompted by police officers and readily answering the questions posed by the officers at the crime scene and police station, cannot be said to have signaled an invocation of his right to remain silent (*see People v Nunez*, 176 AD2d 70, 72 [1992], *affd* 80 NY2d 858 [1992]; *see also People v Carrion*, 277 AD2d 480, 481 [2000], *lv denied* 96 NY2d 757 [2001]). Thus, County Court

properly admitted his statements, made after receiving *Miranda* warnings, that he grabbed his rifle from behind the bedroom door, retrieved ammunition from the medicine cabinet, loaded the weapon with one round and shot the victim in the head after she revealed that she had been unfaithful.

Finally, we reject defendant's assertion that he was denied the effective assistance of counsel when County Court denied defense counsel's motion to withdraw from representation after counsel was required to testify at a pretrial *Huntley* hearing. At the *Huntley* hearing, police officer Francis Peryea testified that he did not hear any other officers give defendant *Miranda* warnings, noting that he was not wearing his hearing aid on the night of the incident. Significantly, Peryea also stated that he never told defense counsel that he heard another officer administer *Miranda* warnings. Because this testimony contradicted defense counsel's handwritten notes, the People called counsel to testify regarding the accuracy of the notes, over counsel's objection. After testifying that his notes were inaccurate due to a misunderstanding and that Peryea told him at a later date that he never heard defendant receive *Miranda* warnings, defense counsel moved to withdraw from representation, which motion was denied. Defendant asserts that this determination denied him of his right to conflict-free assistance. We disagree.

After undertaking employment, an attorney must withdraw from representation upon learning that he or she "may be called as a witness on a significant issue other than on behalf of the client . . . [and] *it is apparent that the testimony is or may be prejudicial to the client*" (Code of Professional Responsibility DR 5-102 [d] [22 NYCRR 1200.21 (d)] [emphasis added]; *see People v Berroa*, 99 NY2d 134, 139-140 [2002]). Here, the People's purpose in calling defense counsel to testify evidently was to impeach Peryea's credibility. Defense counsel's testimony, however, only confirmed Peryea's statement that he did not hear the other officers give defendant his *Miranda* warnings, thereby strengthening defendant's argument that his statements should be suppressed. Counsel's testimony was not prejudicial to defendant or against defendant's interest (*cf. People v Lewis*, 2 NY3d 224, 228-229 [2004]; *People v Berroa, supra* at 142). Accordingly, under the particular circumstances of this case, it cannot be said that defendant did not receive either meaningful representation or conflict-free assistance of counsel or that County Court erred in denying counsel's motion to withdraw from representation.

We have considered defendant's remaining arguments and conclude that they are either unpreserved or lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.