People v Rios (2021 NY Slip Op 01530)





People v Rios


2021 NY Slip Op 01530


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

112384

[*1]The People of the State of New York, Respondent,
v
Marcus Rios, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


The Law Office of Shane Hug, Troy (Amanda FiggsGanter, Albany, of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered October 5, 2018, upon a verdict convicting defendant of the crimes of arson in the second degree and overdriving, torturing and injuring animals; failure to provide sustenance.
In October 2017, defendant was charged by indictment with one count of arson in the second degree and one count of overdriving, torturing and injuring animals; failure to provide sustenance, stemming from two separate fires that he started, with gasoline acting as an accelerant, at his then-girlfriend's residence in the morning hours of July 8, 2017. One of the fires was started in the vicinity of a cage containing a pet rabbit, which defendant doused in gasoline. After a jury trial, defendant was convicted as charged. Defendant was then sentenced to a prison term of 12½ years to be followed by five years of postrelease supervision for his conviction of arson in the second degree and a lesser concurrent term for his conviction of overdriving, torturing and injuring animals; failure to provide sustenance. Defendant appeals.
We are unpersuaded by defendant's contention that County Court abused its discretion in denying his request for funds to hire an expert for trial to testify as to defendant's intoxication at the time of the offense. "To succeed on a motion for funds pursuant to County Law § 722-c, it [is] incumbent upon [a] defendant 'to show that he [or she] was indigent, that the service was necessary to his [or her] defense and, if the compensation he [or she] sought exceeded the statutory limit of $1,000, that extraordinary circumstances justified the expenditure'" (People v Weaver, 167 AD3d 1238, 1240 [2018], lv denied 33 NY3d 955 [2019], quoting People v Clarke, 110 AD3d 1341, 1342 [2013], lv denied 22 NY3d 1197 [2014]; see County Law § 722-c). Here, defendant sought $6,750 to retain an expert witness to testify that defendant was unable to form the requisite intent at the time of the crimes because he was intoxicated by both alcohol and Xanax. Defendant's trial counsel, in his affirmation in support of the motion, stated that defendant's mother and sister had paid trial counsel's $7,500 retainer and "most of" his trial fee, but that defendant was unable to raise funds for an expert.[FN1] Although such testimony may have been helpful to defendant's intoxication defense, trial counsel's affirmation "failed to demonstrate a 'distinct necessity' for the assistance of an expert to aid the jury in resolving that issue" (People v Weaver, 167 AD3d at 1240, quoting People v Dove, 287 AD2d 806, 807 [2001]). Furthermore, as the expenditure exceeded the $1,000 threshold, defendant failed to show extraordinary circumstances justifying the expenditure (see People v Crowe, 167 AD3d 1036, 1037 [2018], lv denied 33 NY3d 1030 [2019]; People v Walker, 167 AD3d 1502, 1503 [2018], lv denied 33 NY3d 955 [2019]).
Defendant also argues that County Court erred in denying his challenge for cause to [*2]prospective juror No. 16, who indicated that it would be "very hard" for her to hear that an animal had been harmed. We agree. Either party may make a challenge for cause to a prospective juror where "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "If a prospective juror makes statements that raise a serious doubt regarding his or her ability to be impartial, the trial court should conduct a follow-up inquiry regarding the pre-existing opinion and must excuse the juror unless he or she states unequivocally on the record that he or she can be fair and impartial" (People v Jackson, 176 AD3d 1312, 1314 [2019] [citations omitted]; accord People v Dirschberger, 185 AD3d 1224, 1226 [2020]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another'" (People v Arnold, 96 NY2d 358, 362 [2001], quoting People v Culhane, 33 NY2d 90, 108 n 3 [1973]).
During jury selection, prospective juror No. 16 indicated that she cares a lot about animals and is involved in animal advocacy organizations. Subsequently, when asked whether the facts of this case would present an issue with any prospective jurors, prospective juror No. 16 stated that "[e]motionally it would be very difficult for [her] to hear about anything happening to an animal that got harmed in any way." When asked if this would impact her ability to "be fair and impartial," prospective juror No. 16 stated that "[she thought] if [she] heard about an animal being hurt, [she] would cry" and that "[i]t would be very hard for [her]." In contrast, when asked if incidents of stalking in her past would impact her ability to be impartial, prospective juror No. 16 stated that it would not be and that she "could be impartial." When subsequently asked, by defendant's trial counsel, if "this particular case would probably not be the type of case that you'd want to sit on if there's allegations of animal cruelty," prospective juror No. 16 stated that it "would be extremely difficult for [her] to hear about an animal being hurt." In response, defendant's trial counsel asked if prospective juror No. 16 "would have difficulty in being fair and impartial in this case" and she responded, "I would become emotional if I heard about it." Defendant's trial counsel then asked if that "would probably effect [her]," to which she responded "[y]es."
Defendant challenged this prospective juror for cause on the ground that "because of the animals, she couldn't be fair and impartial." County Court denied this challenge noting that prospective juror No. 16 had indicated that "it would be very difficult" and that "she would cry," not that she had stated she could not be impartial. Defendant then exercised a peremptory challenge to remove prospective juror [*3]No. 16, and later exhausted his peremptory challenges. Relative to the ability of prospective juror No. 16 to be fair and impartial due to her affinity for animals, despite being asked twice, she never unequivocally stated that she could be (see People v Harris, 19 NY3d 679, 685 [2012]; People v Jackson, 176 AD3d at 1315). Thus, the court should have posed questions to rehabilitate the prospective juror "by obtaining such assurances or, if rehabilitation was not possible," excuse her (People v Jackson, 176 AD3d at 1315; see People v Harris, 19 NY3d at 685). By failing to do so, the court committed reversible error, considering that defendant exercised a peremptory challenge to remove this prospective juror and exhausted such challenges (see CPL 270.20 [2]; People v Wright, 30 NY3d 933, 934 [2017]). In light of this determination, defendant's remaining contentions are rendered academic.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This statement is later contradicted by a statement that trial counsel had not received any compensation other than the initial fee paid. Throughout this paragraph, trial counsel also refers to "Ms. Smith" rather than defendant and asserts that "Ms. Smith" is innocent of the charges.