People v Cousins (2025 NY Slip Op 01535)

People v Cousins

2025 NY Slip Op 01535

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

905 KA 24-00794

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICARDO R. COUSINS, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered October 25, 2023. The judgment convicted defendant, upon a jury verdict, of attempted criminal possession of a controlled substance in the first degree and attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted criminal possession of a controlled substance in the first degree (Penal Law §§ 110.00, 220.21 [1]) and attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Under the circumstances of this case, however, we agree with defendant that defense counsel was ineffective, and we therefore reverse the judgment and grant defendant a new trial.
"Every defendant is constitutionally entitled to effective assistance of counsel, meaning under our state standards that 'so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " (People v Wright, 25 NY3d 769, 779 [2015], quoting People v Baldi, 54 NY2d 137, 147 [1981]). "The task of a reviewing court is to '[c]onsider[ ] the seriousness of the [alleged] errors in their totality' " (id.). Under the New York standard, it is defendant's burden " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Baker, 14 NY3d 266, 270-271 [2010]). However, it is well established "that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense" (People v Droz, 39 NY2d 457, 462 [1976]). "Essential to any representation, and to the attorney's consideration of the best course of action on behalf of the client, is the attorney's investigation of the law, the facts, and the issues that are relevant to the case" (People v Oliveras, 21 NY3d 339, 346 [2013]). Indeed, "[a]n attorney's strategy is shaped in significant part by the results of the investigation stage of the representation" (id.).
Here, the record reveals that on several occasions as the case neared trial, including during the Mapp and Molineux hearings, and subsequently at the trial defense counsel was unfamiliar with and had not reviewed relevant and critical discovery obtained from defendant's cell phones following the execution of a search warrant. For example, defense counsel initially [*2]failed to object to the admission of a flash drive containing the entire contents of defendant's cell phones, but, when the People later isolated a portion of the cell phone contents as a separate exhibit for the jury, defense counsel objected—although the contents had already been admitted—and acknowledged that he had not had a chance to review "the exact exhibit." Defense counsel also failed to object to the portion of those contents containing voice notes, which constituted improper hearsay (see People v Deleon, 262 AD2d 421, 421-422 [2d Dept 1999], lv denied 93 NY2d 1017 [1999]). Additionally, defense counsel's failure to review the contents of defendant's cell phones had the result that he could not appreciate how important certain text messages and other communications were to the People's case. Defense counsel belatedly sought to admit certain physical evidence of financial transactions that had not previously been disclosed during discovery to counter the communications presented by the People. County Court, however, precluded that physical evidence. Furthermore, defense counsel never sought a limiting instruction on the Molineux evidence that the People were permitted to introduce (see generally People v Williams, 231 AD2d 868, 868 [4th Dept 1996], lv denied 89 NY2d 868 [1996]; People v Forbes, 203 AD2d 609, 610-611 [3d Dept 1994]). We conclude that "[t]here is simply no legitimate explanation for" defense counsel's failure to properly investigate the law, facts, and issues relevant to the case and that "[t]his failure seriously compromised defendant's right to a fair trial" (Oliveras, 21 NY3d at 348).
In light of our determination, we do not address defendant's remaining contentions.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court